UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Comcast of Georgia/Massachusetts, Inc., Inc.("Comcast")** | ) | Case No.: |
| | ) | |
| | ) | **COMPLAINT FOR VIOLATIONS OF** |
| Plaintiff, | ) | **TITLE 47 U.S.C. § 553 AND** |
| | ) | **CONVERSION** |
| vs. | ) | 04 12007 RGS |
| | ) | |
| **Judy & Fritz Carroll** | ) | |
| | ) | MAGISTRATE JUDGE Cohen |
| Defendants | ) | |
| | ) | |

RECEIPT # 56729
AMOUNT $__
SUMMONS ISSUED YES
LOCAL RULE 4.1 __
WAIVER FORM __
MCF ISSUED __
BY DPTY. CLK. __
DATE 9/16/04

## NATURE OF ACTION

1. Plaintiff Comcast of Georgia/Massachusetts, Inc., Inc.("Comcast"), brings this Complaint to redress injuries it has suffered as a result of the Defendants, Judy and Fritz Carroll's (hereinafter the "Defendants")

    a. Violations of 47 U.S.C. § 553; and

    b. The conversion of Comcast's property, its telecommunications signals.

2. The Defendants' use and/or distribution of one (1) statutorily prohibited electronic device that descrambled and intercepted Comcast's cable television signal violated 47 U.S.C. § 553.

## PARTIES

3. Comcast is a Rhode Island corporation and maintains a place of business at 6 Campanelli Drive, Andover, Essex County, Massachusetts.

4. The Defendants were and are individuals with a principal residence at 3 Matteson Lane, Taunton, MA, at all times relevant to the conversion and to the said violations of Title 47 U.S.C. § 553.

Page 1

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title 47 U.S.C. § 553.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. Comcast provides cable television services to subscribers in the Taunton area pursuant to franchise agreements with various municipalities.

8. Comcast is the successor-in-interest to the legal entity that held the prior cable television franchise in this area, and, as such successor, Comcast has the right to pursue the claims set forth herein even if said claims may have accrued during the time that the predecessor-in-interest held the cable television franchise.

9. In order to provide cable television services, Comcast pays fees to programmers for the right to receive programs, mostly by way of interstate radio communications, and transmit their programming over Comcast's system. The signals that Comcast transmits over its system are private communications not intended for public use.

10. Subscribers pay Comcast based on the level of service they wish to receive.

11. In order to protect its signals and maintain the value of its services, Comcast electronically encodes or scrambles some of its signals so that they must first be decoded by electronic decoding equipment in order to be viewed clearly on a television receiver. The signals Comcast encodes or scrambles includes premium channels, such as HBO, Showtime, and Cinemax, for which subscribers pay a

separate monthly subscription fee, and pay-per-view events, such as a specific movie, concert or sporting event, for which subscribers pay a specific one time charge to view each event. Comcast provides subscribers with electronic decoding equipment (hereinafter referred to as "decoders") to decode these signals. Comcast programs these decoders so that a subscriber may only view that level of service, which he or she has purchased.

12. Comcast has a proprietary interest in the signals, programming and services offered over Comcast's system.

13. On or about May 14, 2001 the Defendants received one (1) descrambling device.

14. The descrambling device were capable of defeating Comcast's encoding and scrambling technology.

15. The Defendants used the descrambling device to receive, without authorization, scrambled or encoded programming and services offered over Comcast's system. By using the unauthorized and illegal descrambling device the Defendants were able to view Comcast's highest level of cable television programming and service, including premium channels and pay-per-view events, while only paying for a lower level of service.

16. Through the unauthorized interception of signals the Defendants were able to exercise dominion and control of Comcast's property, the signals, programming and services offered over Comcast's system.

### COUNT I
**(Violation 47 U.S.C. § 553, Unauthorized Interception and/or Receipt)**

17. Comcast realleges and incorporates by reference paragraphs 1 through 16.

18. The Defendants', conduct violated 47 U.S.C. § 553(a).

19. Comcast is a person aggrieved by the Defendants', violation of 47 U.S.C. §553 and is authorized to institute this action pursuant to 47 U.S.C. § 553(c)(1).

20. The cable transmissions that make up Comcast's signal are communication services offered over a cable system and, as such, are protected by 47 U.S.C. § 553.

21. The Defendants, knowingly and willfully violated 47 U.S.C. § 553.

22. Comcast did not authorize or consent to the Defendants', interception and use of its cable transmissions.

23. The Defendants' violations have injured Comcast's ability to generate revenue by depriving Comcast of payment for its programming.

## COUNT II

### (Conversion)

24. Comcast realleges and incorporates by reference paragraphs 1 through 23.

25. The Defendants exercised dominion and control over the Plaintiff's property without authorization or legal right to do so.

26. The Defendants' conduct was willful, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its programming.

27. As a direct and proximate result of the Defendants' intentional, malicious, and wrongful conversion of the Plaintiff's signals, programming and services offered over Comcast's system the Plaintiff has suffered monetary damages; accordingly, the Defendants is liable for all of the Plaintiff's damages.

**WHEREFORE**, Comcast prays for judgment against the Defendants, and requests that the Court grant it the following relief:

1. Statutory damages of $10,000.00 for each violation of 47 U.S.C. § 553(a),

2. Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendants' conversion;

3. Comcast's attorney's fees and costs in prosecuting this lawsuit as provided for by 47 U.S.C. 553(c)(2)(C);

4. The issuance of a permanent injunction pursuant to provisions of 47 U.S.C. § 553 utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendants, the Defendants' respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendants or acting on the Defendants' behalf from the further use and/or distribution of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47."

5. Post-judgment interest pursuant to 26 U.S.C. § 1961; and

6. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted for the Plaintiff,
Comcast of Georgia/Massachusetts, Inc.
By Its Attorney,

9/15/04
Date

John M. McLaughlin
**Green, Miles, Lipton & Fitz-Gibbon**
P.O. Box 210
77 Pleasant Street
Northampton, MA 01061-0210
Phone 413-586-8218
Direct line 413-586-0865
Fax 413-584-6278

Page   5